SPENCER
v.
RICHARDSON.

SPENCER *against* RICHARDSON.

A person in prison on execution, who has obtained his discharge under the "act for the relief of debtors, with respect to the imprisonment of their persons," (sess. 24. c 66) passed the 24th of *March*, 1801, may, by virtue of the 7th section of the act, "to amend the act, for giving relief in cases of insolvency," passed the 8th of *April*, 1808, (sess. 31. c. 163) be proceeded against by action of *debt*, though he was discharged in 1802, previous to the passing of the last act, which provides that he shall not be held to bail, or his body taken in execution on any judgment obtained in such action; and such action is no infringement of the immunity vested in him, by virtue of his discharge under the first act.

THIS was an action of *debt*, on a judgment of this court, of *October* term, 1798, for 1,000 dollars of debt, and 14 dollars and 96 cents costs.

The defendant pleaded three pleas: 1. A discharge, as an insolvent debtor, under the insolvent act, on the 23d of *July*, 1804; 2. That the plaintiff sued out a *ca. sa.* on the judgment, of *October* term, 1801, returnable at *January* term, on which the defendant was arrested the 9th of *January*, 1802, and kept in custody of the sheriff of *Cayuga*, until he was discharged by the *Cayuga* court of common pleas, in *May* term, 1802, under the " act, for the relief of debtors, with respect to the imprisonment of their persons;" 3. That the judgment was rendered upon a bond for 1,000 dollars, conditioned to pay 500 dollars with interest, and that the plaintiff, in *April* term, 1799, sued out a *fi. fa.* on the judgment, on which the sheriff levied the debt and damages, except 225 dollars, of the goods and chattels of the defendant; and this he is ready to verify, &c.

There was a *general demurrer* to the *second* plea, and joinder; which was submitted to the court without argument.

*Per Curiam.* The act of the 31st sess. c. 163. s. 7. provides, that any debtor, discharged under the act mentioned in the plea, may be sued by an action of debt; but he is not to be held to bail, nor shall any execution issue against his body, on any judgment to be obtained in such action. This act cannot then be considered as invalidating the effect of a discharge, declared in the 7th section of the act, (sess. 24. c. 66.) mentioned in the plea. The discharge there was only as to the person, and not as to the property of the debtor; and though that act says, that

"no action of debt shall be brought upon such judgment;" and the new act allows of such action, this is no violation of the immunity which had vested in the defendant, seeing that the new act provides, that the defendant may endorse his appearance, and that his body shall not be taken in execution. He cannot then be considered liable to imprisonment, in the new suit, and has no right to consider his privilege impaired. The new suit is only a more effectual means of arriving at the property; and so long as the person of the debtor is not affected, the new remedy was a fair subject for legislative provision and amendment.

Judgment for the plaintiff.